UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:17-CV-00121-HBB

LOUIS ANTHONY CONDOR, II                                                          PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                           DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Louis Anthony Condor seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 22) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12). By Order entered December 8, 2017 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on April 14, 2014 (Tr. 166). Plaintiff alleged that he became disabled on August 31, 2012 as a result of Keratoconus, back problems, muscle spasms in legs, and PTSD (Tr. 200). Administrative Law Judge Marci

Eaton conducted a hearing on May 25, 2016 in Paducah, Kentucky. Plaintiff was present and represented by his attorney, Jeffrey Smith." Also present and testifying were medical expert Tom Wagner and vocational expert James Adams.

In a decision dated August 16, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 7-25). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 31, 2012, the alleged onset date (Tr. 13). At the second step, the ALJ determined that Plaintiff's degenerative disc disease, loss of central visual acuity, affective disorder, and anxiety (PT SD) are "severe" impairments within the meaning of the regulations (Tr. 13). Also at the second step, the ALJ determined that Plaintiff's substance addiction disorder and plantar fasciitis are "non-severe" impairments within the meaning of the regulations (Tr. 13). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 14).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a range of medium work, with the following limitations:

> He can frequently climb ramps or stairs and occasionally climb ladders, ropes or scaffolds. The claimant can frequently stoop, crouch or crawl. His vision is sufficient for frequently reading normal print and frequent performance of very fine, precise tasks or prolonged visual tasks. The claimant can work with small objects and large objects on an unlimited basis. He can avoid ordinary workplace hazards, such as boxes or cords on the floor, doors ajar, approaching people or wastepaper baskets. The claimant should avoid the need for eye hand coordination for small, detailed tasks. He should avoid concentrated exposure to extreme cold or humidity, vibrating equipment, moving machinery and unprotected heights. The claimant can understand, retain and carry out simple instructions. He can consistently and usefully perform routine tasks on a sustained basis, with normal supervision and can cooperate effectively with public and coworkers in completing simple tasks and transactions. The claimant can adjust

to the mental demands of most new task settings.

(Tr. 16). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work as a cook, construction worker, or forklift operator (Tr. 19).

The ALJ proceeded to the fifth step where she considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 19-20). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 20). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from August 31, 2012 through the date of the decision (Tr. 20).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 98). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*,

nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

4

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons set forth below, the ALJ's decision is not supported by substantial evidence, and this case must be remanded.

Plaintiff's Arguments

Plaintiff presents two primary challenges to the ALJ's findings. First, Plaintiff argues the ALJ committed reversible error where she refused to consider a post-hearing communication from Plaintiff's counsel that called into doubt the reliability of the vocational expert's testimony (DN 16-1 at PageID # 1927-39). Second, Plaintiff argues the ALJ committed reversible error where she did not discuss or provide adequate weight to the VA's finding that Plaintiff has an 80% service connected disability (Id. at PageID # 1940-43).

Discussion

Plaintiff's argument concerning his post-hearing objections raises two possible issues: first, whether the ALJ violated her duty to rule on any objections as described in the Hearing, Appeals, and Litigation Law Manual ("Hallex") I-2-6-74 (2016); and second, whether the ALJ violated her duty under SSR 00-4p by failing to resolve a conflict between the Dictionary of Occupational Titles and the vocational expert's testimony. The Court will address each in turn.

Hallex I-2-6-74 states that the ALJ "must rule on any objection(s). The ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision." (cleaned up). The Defendant claims that the cited provision applies only to objections made during the administrative hearing (DN 22 at PageID # 1961). The Defendant proceeds to chastise the Plaintiff for failing to provide legal authority to the contrary. Notably, however, the Defendant's brief is similarly bereft of legal authority to support its position that the Hallex provision is limited to objections made at the administrative hearing. Indeed, nothing in the language of the Hallex nor other applicable agency policy "appears to require counsel to raise all objections during the ALJ's hearing or risk forever waiving them." Westmoreland v. Comm'r of Soc. Sec., 2018 WL 1522118, No. 3:17-cv-00096, at *3 (S.D. Ohio March 28, 2018). Therefore, the ALJ's failure to address Plaintiff's post-hearing objections violated the Commissioner's policies.

Next, SSR 00-4p creates an affirmative duty that an ALJ determine whether a vocational expert's testimony is consistent with information found in the Dictionary of Occupational Titles. SSR 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). The Sixth Circuit has held that an ALJ may satisfy this obligation by simply inquiring of the expert whether their testimony is consistent

with the DOT.  Johnson v. Comm'r of Soc. Sec., 535 F. App'x 498, 508 (6th Cir. 2013) (citing Martin v. Comm'r of Soc. Sec., 170 F. App'x 369, 374 (6th Cir. 2006).

Here, the ALJ met her affirmative duty to inquire about inconsistencies (Tr. 60). However, SSR 00-4p also sets out specific duties requiring the ALJ to explain how they resolved any inconsistencies.  Importantly, the Rule states that "[t]he adjudicator will explain in the determination or decision how she resolved the conflict. The adjudicator must explain the resolution of the conflict **irrespective of how the conflict was identified**."  SSR 00-4p at *4 (emphasis added).  The use of the words "will" and "must" indicates that this duty is not optional. Moreover, the presence of the phrase "irrespective of how the conflict was identified" invites a conclusion that a claimant's attorney should be allowed to file a timely objection to the vocational expert's testimony highlighting inconsistencies with the DOT, and the ALJ must rule on those objections and resolve the inconsistency rather than dismiss the objections as procedurally defaulted because they were not raised at the administrative hearing.  Jackson v. Comm'r of Soc. Sec., 2015 WL 3470190, 2:14-CV-988, at *3 (S.D. Ohio June 1, 2015) (report and recommendation adopted at 2015 WL 3866202).  Therefore, the undersigned concludes the ALJ did not comport with applicable law with respect to Plaintiff's post-hearing objections.

The Defendant argues that, even if the ALJ erred in not ruling on these objections, the error is harmless (DN 22 at PageID # 1962).  The Defendant is incorrect.  "'[A] procedural error is not made harmless simply because [the aggrieved party] appears to have had little chance of success on the merits anyway.'"  Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 546 (6th Cir. 2004) (quoting Mazaleski v. Treusdell, 562 F.2d 701, 719 n. 41 (D.C. Cir. 1977).  "The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive

factual or legal review is appropriate, to set aside agency action found to be without observance of procedure required by law." Id. (cleaned up).

In this instance, the Plaintiff's objection did not, as Defendant suggests, merely point out that the reasoning levels of the occupations cited by the vocational expert are inconsistent with the DOT (DN 22 at PageID # 1962). Rather, Plaintiff's letter highlighted a number of other inconsistencies, including an objection to the nursery position that is described as heavy work in the DOT where the ALJ prescribed a limited range of medium work (Tr. 270). Plaintiff further pointed out that the DOT's descriptions of both groundskeeper and industrial cleaner contain potential environmental exposure beyond that stated in the ALJ's hypothetical (Id.). Whether these inconsistencies will, on remand, result in a finding of disability is not a question for the Court to presently decide. It is apparent, however, that the Plaintiff has at least demonstrated remand would not be an exercise in futility. The Plaintiff filed objections highlighting legitimate conflicts, and he deserves to see them resolved. Therefore, the undersigned concludes that the error was not harmless, and this case will be remanded for a resolution of the issue.

Finally, because the undersigned finds remand appropriate for the reasons stated above, there is no need to address Plaintiff's second argument at this time.

**ORDER**

**IT IS HEREBY ORDERED** that, pursuant to sentence four of 42 U.S.C. § 405(g), this case is remanded to the Commissioner for additional consideration consistent with this opinion, and judgment is entered in favor of the Plaintiff.

Copies:	Counsel